```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
YAHOO, INC.,                  :
                              :   08 Civ. 4581 (LTS) (THK)
                              :
         Plaintiff,           :
                              :   MEMORANDUM OPINION AND ORDER
                              :
      -against-               :
                              :   (PRO...)
                              :
DAIANN NAKCHAN, et al.,       :
                              :
         Defendants.          :
                              :
------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Yahoo, Inc. brings this action claiming, <u>inter alia</u>, trademark infringement, counterfeiting, false designation of origin, and dilution, arising out of a conspiracy involving defendants around the world who deceived internet users into believing that they had won a lottery or prize offered by Yahoo. Presently before the Court is Plaintiff's Motion to Strike the Answer of Defendants Chen Chien-Chang and Chen Chien-Zhou (hereinafter "Chen Defendants") as untimely, and the Chen Defendants' Motion to Extend the Time to Answer. For the reasons that follow the Court grants the Chen Defendants an extension of time to file their Answer, <u>nunc pro tunc</u>, and denies Plaintiff's Motion to Strike the Chen Defendants' Answer.

## DISCUSSION

Although this action was filed on May 16, 2008, the Chen

Defendants were not identified as defendants until Plaintiff filed the Third Amended Complaint, on November 4, 2009. Service of the Third Amended Complaint was effected on the Chen Defendants in Taiwan on August 16 and 17, 2010, respectively, through Letters Rogatory procedures. On September 1, 2010, the Chen Defendants filed a timely motion to dismiss the Complaint, which was denied on September 28, 2010. That Order was served on the Chen Defendants by Plaintiff, utilizing Federal Express, which was provided the Order on September 30, 2010. Under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, the Chen Defendants were obligated to file an Answer within 14 days of their notice that their motion to dismiss had been denied. Thus, if they received notice of the Order on September 30, they should have filed their Answer by October 14, 2010.[1] They assert that they did not receive notice of the Order until October 4, 2010. Nevertheless, the Chen Defendants filed their Answer on October 28, 2010. It was thus late by between 10 and 14 days. It is on the basis of the late filing that Plaintiff moves to strike the Chen Defendants' Answer and, in response, the Chen Defendants move for an extension of time, nunc

---

[1] Although Plaintiff contends that the Answer should have been filed by October 10, 2010, that would have been 14 days after the motion to dismiss was denied, rather than 14 days after the Chen Defendants had notice that the motion to dismiss had been denied.

2

pro tunc, to file their Answer.

Under the Federal Rules of Civil Procedure, a defendant must serve an answer within 14 days of receiving notice that its motion to dismiss has been denied. See Fed. R. Civ. P. 12(a)(4)(A). A court may, however, extend the time to answer for "good cause," but when there is a request for such an extension after the time to answer has expired, a party must file a motion demonstrating that its failure to act was the result of "excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has observed that excusable neglect is not limited to circumstances which are beyond a party's control:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" . . . is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993). Thus, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on the proceeding, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith. Id. at 395,

3

113 S. Ct. at 1498; accord Lynch v. United States, 430 F.3d 600, 603 (2d Cir. 2005); Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004); In re PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998) ("Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control.") (internal citation omitted); Anderson v. Roman, No. 08 Civ. 559 (JSR)(KNF), 2009 WL 602965, at *5 (S.D.N.Y. Mar. 6, 2009).

Here, the Chen Defendants attest that they received the Order denying their motion to dismiss on October 4, 2010. (See Motion to Extend Time ¶ I.) Assuming that assertion to be true, their Answer would have been due on October 18, 2010.[2] The Answer, filed on October 28, 2010, was, therefore, only 10 days late. Defendants state that because they have difficulty understanding English, they needed to have the Court's Order translated into Chinese. In addition, because they are proceeding pro se, it took additional time for them to comprehend the substance of the Court's Order, familiarize themselves with the Federal Rules of Civil Procedure,

---

[2] Plaintiff has submitted proof that it arranged for Federal Express to serve the Order on September 30, 2010, by overnight mail. Thus, if Defendants received notice of the Order by October 1, 2010, the Answer would have been due on October 15, 2010, and was late by 13 days.

4

and draft their Answer.

While Plaintiff takes the position that pro se status does not excuse a litigant from the obligations of the Federal Rules — a proposition with which the Court does not take issue — here there are additional factors at play, including Defendants' residence in Taiwan and their being non-English speaking. Moreover, the delay in issue — 10 to 13 days — is not significant. Finally, Plaintiff has failed to demonstrate any real prejudice suffered as a result of the delay.[3]

Taking these facts into account, along with the strong preference for resolving claims on their merits, see Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), the Court concludes that the Chen Defendants should be allowed to interpose a defense to Plaintiff's claims. Cf. Transcontinental Gas Pipeline Corp. v. Lands in the County of Kings, No. 07 Civ. 0009 (ERK), 2007 WL 3124668, at *3 (E.D.N.Y. Oct. 23, 2007) (finding that even where an untimely response had been within the party's control: "Weighing the equitable factors in the instant case, the Court concludes that defendant's omission qualifies as excusable neglect. First, the prejudice to plaintiff as a result of allowing defendant to answer

---

[3] Even if the delay involved a matter of weeks, until Defendants moved for an extension of time to file their Answer, the prejudice suffered by Plaintiff is negligible.

the amended complaint is minimal, as plaintiff is already cognizant of defendant's potential defenses and objections through its answer to the original complaint. Second, the delay was not significant); I.L.G.W.U. Nat'l Retirement Fund v. Cuddlecoat, Inc., No. 01 Civ. 4019 (BSJ), 2004 WL 444071, at *4-5 (S.D.N.Y. Mar. 11, 2004) (declining to reconsider vacatur of default judgment where failure to file timely answer was not willful, there was no prejudice to the plaintiff, and court could address the defendant's defenses on their merits).

Accordingly, Defendants' motion to extend the time to file their Answer nunc pro tunc is granted and the Answer filed by the Chen Defendants will not be stricken.

This Order resolves the motions docketed as Docket Entries # 81 and # 92.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: February 22, 2011
       New York, New York